**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeremy WALTON, Defendant–Appellant.**

**No. 06–10750.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Oct. 30, 2007.

Robert L. Ellman, Esq., Christina Brown, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Lisa A. Rasmussen, Esq., Lavelle & Associates, Las Vegas, NV, for Defendant–Appellant.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM *

Jeremy Walton appeals the district court's decision partially denying Walton's motion to suppress evidence. We review de novo the denial of a motion to suppress. *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004). We review for clear error the district court's underlying findings of fact. *United States v. Becerra–Garcia,* 397 F.3d 1167, 1172 (9th Cir.2005).

Here, the district court adopted the recommendation of the magistrate judge after the magistrate judge presided over an evidentiary hearing in which he heard testimony from both of the police officers and Walton. The district court did not clearly err in finding the officers more credible than Walton. The officers testified to sub-

---

* This disposition is not appropriate for publication and is not precedent except as provided    by 9th Cir. R. 36–3.

stantially the same facts concerning how and why they approached Walton. Any small discrepancies that may exist in the officers' testimony are insufficient to undermine the district court's credibility finding.

When police officers make a general inquiry or a request for identification, the police contact is defined as a "consensual encounter" that does not implicate the Fourth Amendment. *Florida v. Bostick*, 501 U.S. 429, 434–35, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). In this case, the district court properly applied the law to the facts in finding that "the initial contact between the officers and Walton was polite, conversational, and entirely consensual."

A consensual encounter evolves into a seizure when an individual's capacity to leave dissipates. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The seizure, however, is proper under the Fourth Amendment if the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21, 88 S.Ct. 1868. In this case, the initial consensual encounter became a seizure when the officers handcuffed Walton and patted him down. The record, however, demonstrates that the officers pointed to articulable facts that warranted the intrusion. Walton had admitted to possessing a concealed handgun. *See id.* at 24, 88 S.Ct. 1868 ("When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.").

AFFIRMED.